United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20618

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OYENOKACHIKEM CHARLES OSAMOR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-764-1

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and WIENER, Circuit Judges.[1]

PER CURIAM:[2]

This court affirmed Oyenokachikem Charles Osamor's conviction
and sentence.  United States v. Osamor, 107 Fed. Appx. 438 (5th
Cir. 2004).  The Supreme Court vacated and remanded for further
consideration in the light of United States v. Booker, 125 S.Ct.
738 (2005).  Osamor v. United States, 125 S.Ct. 1070 (2005).  We

_____

[1]Judge Pickering was a member of the original panel but
retired from the Court on December 8, 2004 and, therefore, did not
participate in this decision.

[2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

Osamor was convicted of conspiracy to defraud the United States, conspiracy to launder funds, 12 counts of mail fraud, and 9 counts of possession of stolen mail. Using the 2000 edition of the Sentencing Guidelines, the probation officer grouped Osamor's counts of conviction. The count resulting in the highest offense level was count 2, conspiracy to commit money laundering, which resulted in a base offense level of 23. The probation officer determined that the total value of the laundered funds from all of Osamor's fraudulent activities was $11,148,981.92, which resulted in an offense level increase of 9 levels. This amount was later revised to $10,997,493.98, but the reduction did not affect the probation officer's offense level calculation. The probation officer also increased the offense level by 4 more levels based on the determination that Osamor was a leader or organizer of criminal activity that involved five or more participants. With a total offense level of 36 and a criminal history category of I, the guideline range of imprisonment calculated by the probation officer was 188 to 235 months.

At the sentencing hearing, the district court concluded that the value of laundered funds was $8,484,763.99. This reduced Osamor's total offense level by one to 35. With a total offense level of 35 and a criminal history category of I, the guideline

2

range of imprisonment was 168 to 210 months. The district court sentenced Osamor to 175 months imprisonment.

In his supplemental brief, Osamor argues that the district court erred when it applied the Sentencing Guidelines as mandatory rather than advisory and imposed a sentence above the sentencing range supported by the jury verdict and his criminal history. He asserts that plain error review does not apply because, although he did not object to the sentencing enhancements based specifically on Sixth Amendment grounds, he did object to the base offense level determination on the ground that the jury had not made the required findings to support that offense level.

The Government argues that plain error review applies because Osamor did not object in the district court to the application of the Sentencing Guidelines on the ground that they implicated his Sixth Amendment right to a jury trial. We disagree. Osamor's written objections to the presentence report ("PSR") contain numerous objections to various paragraphs of the PSR on the ground that there was no evidence presented at trial to support them. In addition, he objected to the PSR on the following grounds:

> It is unconstitutional for this court to apply the PSR provisions as written to defendant as the same is a factual assessment which increases defendant's sentence and therefore may only be decided by a jury upon evidence established by proof beyond a reasonable doubt.
>
> ....

> The United States Supreme [C]ourt has recognized the indictment's role in warning a defendant of facts that may enhance his punishment upon conviction. See e.g. <u>Jones</u> v. <u>United States</u>, 526 U.S. 227 (1999).
>
> The most current decision in this matter is the United States Supreme Court ruling in <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, holding that "every fact that is by law a basis for imposing or increasing punishment" is an element of the offense, and therefore should be presented to the jury for a finding of guilt beyond a reasonable [doubt].
>
> ....
>
> Assuming, arguendo, that defendant could be classified as a leader/organizer in the within case, defendant objects on the grounds that such enhancement violates <u>Apprendi</u>, <u>supra</u>. It is indisputable that four level leadership role increase may increase the defendant's sentence beyond the prescribed statutory maximum. Therefore, the issue of leadership role must be charged in an indictment, submitted to a jury, and the government to prove beyond a reasonable doubt, the defendant's decision making authority, the nature of his participation in the offense, his planning of the offense, and his control over others.

Osamor's counsel objected on the same grounds at the sentencing hearing.

Although Osamor did not specifically object on Sixth Amendment grounds or on the ground that the guidelines were unconstitutional because they were mandatory, under our precedent his objections adequately apprised the district court that he was raising a Sixth Amendment objection to his offense level calculation because the government did not prove to the jury beyond a reasonable doubt the

4

facts to support the enhancements.  See United States v. Olis, 429 F.3d 540, 544 (5th Cir. 2005) (defendant preserved Booker claim by objecting "to both the district court's loss calculation and the burden of proof utilized by the court.  His objections regarding the loss calculation alerted the court to cases that acknowledged the potential for a constitutional violation when sentencing facts are not found by at least clear and convincing evidence."); United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005) (defendant's Apprendi-based objection to PSR's drug-quantity calculations was sufficient to preserve his Booker claim); United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005) (defendant's objections to district court's determination of range of financial loss on ground that amount had not been proven at trial and that court should confine its determination of loss to the amount alleged in the indictment were adequate to apprise court that he was raising a Sixth Amendment objection to the loss calculation because the government did not prove the amount of loss to the jury beyond a reasonable doubt).

When, as here, a defendant preserves Booker error, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."  United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005).  The Government bears the "burden of demonstrating that the error was harmless by demonstrating beyond a reasonable doubt that the federal

5

constitutional error of which [Osamor] complains did not contribute to the sentence that he received." <u>United States v. Pennell</u>, 407 F.3d 360, 377 (5th Cir. 2005).  The Government has not met that burden.  It has not pointed to any evidence in the record or statements by the district court that would prove beyond a reasonable doubt that the district court would have imposed the same sentence had it acted under an advisory Guidelines regime.

For the foregoing reasons, we VACATE Osamor's sentence and REMAND the case to the district court for resentencing.

VACATED and REMANDED.